IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CORNELL F. DAYE,

        Plaintiff,

v.                                  CIVIL ACTION NO. 2:09-cv-00909

JIM RUBENSTEIN, et al.,

        Defendants.

**MEMORANDUM OPINION & ORDER**

On December 9, 2009, the Honorable Mary E. Stanley, United States Magistrate Judge, submitted to this court proposed findings of fact and recommendation ("PF&R") for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). She recommended that the plaintiff's complaint "be dismissed for the reasons that it fails to state a claim upon which relief may be granted, and the defendants are entitled to qualified immunity because Plaintiff has not pleaded violation of a constitutional right." (PF&R 13 [Docket 5].) She also recommended that this court find that it is appropriate to decline to exercise supplemental jurisdiction over the third and fourth counts of the plaintiff's complaint, his state law claims of discrimination and retaliation. The Magistrate Judge further recommended that counts one and two of the plaintiff's complaint be dismissed with prejudice and counts three and four be dismissed without prejudice. (*Id.*)

The plaintiff timely filed written objections to the Magistrate Judge's findings of fact and recommendation. This court has reviewed the plaintiff's objections *de novo*.

The court agrees with and adopts the thorough analysis of the Magistrate Judge with respect to the plaintiff's Eighth Amendment conditions of confinement claim. The plaintiff has failed to

show "a serious deprivation of a basic human need" and "deliberate indifference to prison conditions on the part of prison officials." *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal citation and quotation marks omitted).

The plaintiff's due process claim requires more discussion. The Magistrate Judge recommended dismissal of this claim because "[i]t is well established that inmates do not have a constitutionally protected liberty or property interest in prison employment or a particular work assignment." (PF&R 8.) The plaintiff objects that he "does not make any argument that he was denied any particular right to work in a specific location of the prison, but that the prison authorities['] conduct . . . was done specifically to degrade and humiliate Plaintiff, and that the same was racially motivated." (Objections [Docket 10] 14.) The plaintiff cites *Hollingsworth v. Wagoner*, 919 F.2d 139, \*1 (4th Cir. 1990) (unpublished), for the proposition that "[r]acial discrimination in prisoner job assignments states a violation of the equal protection clause of the fourteenth amendment and of the due process clause of the fifth amendment."

While an inmate has no constitutional right to any particular job assignment in prison, he does have "the constitutional right to be free from racial discrimination" in prison employment. *Bentley v. Beck*, 625 F.2d 70, 70-71 (5th Cir. 1980). "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was a result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). However, "[m]erely conclusory allegations of discrimination are insufficient to state a claim." *Short v. McKay*, 2009 WL 2762155, \*15 n.4 (S.D. W. Va. 2009) (citing *Chapman v. Reynolds*, 378 F. Supp. 1137, 1140 (W.

D. Va. 1974)); *see also Spaulding v. Dixon*, 912 F.2d 464, *1 (4th Cir. 1990) (unpublished) (same); *Barnes v. Anderson*, 2006 WL 709225, *3 (S.D. W. Va. 2006) (same).

The plaintiff fails to sufficiently plead an equal protection claim. In the body of his complaint, the plaintiff alleges that "[f]rom May of 2007, through June 25, 2007, Officer Denver Russell . . . harassed, humiliated, and abused African-American inmates working in the Inmate Dining Hall, therefore creating a hostile work environment for those inmates." (Compl. [Docket 1] ¶ 21.) The plaintiff further alleges that the other defendants failed to respond to his harassment and discrimination complaints against Mr. Russell. He labels his claim "State's Conspiracy to Deny Plaintiff's Substantive and Procedural Due Process Rights," and alleges that these three defendants "did knowingly, and intelligently conspire [to] create a policy, custom, or practice that placed Plaintiff and other inmates at substantial risk of injury, by refusing to correct serious risk to inmates safety at Mount Olive in the past, and in the present case." (*Id.* ¶ 43.) He further alleges that Denver Russell, "as well as other staff members at the prison had committed various acts which violated the United States Constitutional rights of inmates in the past." (*Id.* ¶ 46.)

The plaintiff has failed to "demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison*, 239 F.3d at 654. He alleges that African-American inmates were harassed, but does not show that they were treated differently from other "similarly situated" inmates, or that the alleged harassment resulted from intentional or purposeful discrimination. Instead, the plaintiff seems to conceptualize the alleged harassment as constituting a "serious risk to inmate safety," in purported violation of the his due process rights. For the reasons set forth in

the Magistrate Judge's PF&R, the plaintiff's due process claims fail, and, as explained above, the plaintiff has failed to sufficiently plead an equal protection violation.

Except as clarified above, the court agrees with and adopts the thorough analysis of the Magistrate Judge. Thus, the plaintiff's federal law claims are **DISMISSED**. Having dismissed all claims over which this court has original jurisdiction, I decline to exercise supplemental jurisdiction over the plaintiff's state law claims of discrimination and retaliation. 28 U.S.C. § 1367 (c). The plaintiff's state law claims are also **DISMISSED**. Counts one and two of the plaintiff's complaint are dismissed with prejudice and counts three and four are dismissed without prejudice.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 7, 2010

*[signature]*
Joseph R. Goodwin, Chief Judge