```
               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA

                        CHARLESTON
```

**CORNELL F. DAYE,**

      **Plaintiff,**

v.                                        Case No. 2:09-cv-00909

**JIM RUBENSTEIN, Commissioner,**
**Department of Corrections,**
**CHARLENE SOTAK, Grievance Coordinator,**
**Department of Corrections,**
**THOMAS McBRIDE, Ex-Warden,**
**Mount Olive Correctional Complex, and**
**DENVER RUSSELL, CO 1,**
**Mount Olive Correctional Complex,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

The mandate has been issued by the United States Court of Appeals for the Fourth Circuit, remanding the plaintiff's equal protection claim (ECF No. 30).

In the plaintiff's original complaint, he raised four claims. In Count One, the plaintiff alleged that defendant Denver Russell discriminated against the plaintiff and other black inmates with respect to their work assignments during the period May, 2007 through June, 2007; the plaintiff asserted an Eighth Amendment claim as to this conduct. In Count Two, the plaintiff claimed that defendants Rubenstein, Sotak and McBride conspired with each other not to address the misconduct of defendant Russell by denying the plaintiff's grievances, and had a policy, custom or practice not to

address such misconduct, again by denying the plaintiff's grievances. In Count Three, the plaintiff stated that defendant Russell discriminated against the plaintiff on the basis of his race and favored similarly situated white inmates, during the period May 17, 2007 to July 5, 2007, all in violation of West Virginia Code 5-11-9. In Count Four, the plaintiff alleged that defendant Russell retaliated against the plaintiff for pursuing grievances against Russell, in violation of West Virginia Code 5-11-9(7). Thus defendants Rubenstein, Sotak and McBride are named only in Count Two.

In Proposed Findings and Recommendation filed December 9, 2009 (ECF No. 5), the undersigned proposed that the presiding District Judge find that the plaintiff failed to state claims upon which relief can be granted as to Counts One and Two, and that this Court decline to exercise jurisdiction over the plaintiff's state law claims in Counts Three and Four. The Proposed Findings and Recommendation also noted that it appeared that the statute of limitations had expired as to the plaintiff's claims; no finding as to this topic was proposed.

In a Memorandum Opinion and Order entered May 7, 2010 (ECF No. 11), the presiding District Judge adopted the proposed findings, ruling that the plaintiff had failed to show a serious deprivation of a basic human need in violation of the Eighth Amendment, and that the plaintiff had failed to sufficiently plead a violation of

his right to due process or an equal protection claim.  Chief Judge Goodwin declined to exercise supplemental jurisdiction over Counts Three and Four.

The plaintiff appealed and raised two claims, which were stated by the Fourth Circuit as follows: "(1) his complaint properly pled an equal protection claim and (2) his state retaliatory discharge claim should have been considered as a First Amendment retaliation claim, based upon his allegations that he was fired for complaining about racial discrimination."  Daye v. Rubenstein, No. 10-6938, 2011 WL 917248 *1 (4th Cir. Mar. 17, 2011).  The Fourth Circuit ruled that the plaintiff's allegations as to his equal protection claim were "sufficient to survive the initial review under [28 U.S.C. §] 1915A."  Id.

> Specifically, if Daye could prove that the black inmates and the white inmates were similarly situated; that the black inmates were routinely assigned less desirable tasks while white inmates received preferred tasks; and that these decisions were made on the basis of race, he would have shown a violation of the Equal Protection Clause.

Id.  The Court affirmed the dismissal of the remainder of the plaintiff's complaint, and ruled in particular that the plaintiff's claim that prison officials retaliated against him for his exercise of his "First Amendment rights" (i.e., his use of the grievance process) was properly dismissed.  Id. at *2.  Based on these rulings, the undersigned proposes that the presiding District Judge **FIND** that the only claim which remains is that of racial

discrimination allegedly committed by defendant Denver Russell.

Upon review of the plaintiff's complaint, the allegations of discriminatory treatment are found in paragraphs 21, 24, 40 and 41. These paragraphs make clear that the allegedly discriminatory conduct took place from May 17, 2007 to July 5, 2007. The plaintiff signed his complaint on August 3, 2009. The Clerk filed it on August 4, 2009.

It is well-established that civil rights cases filed in federal court follow the analogous state limitation. Blanck v. McKeen, 707 F.2d 817 (4th Cir. 1983). West Virginia has a two-year statute of limitations for cases similar to § 1983 cases and other personal injuries. W. Va. Code § 55-2-12(b)(1981); see McCausland v. Mason County Bd. of Educ., 649 F.2d 278 (4th Cir. 1981; Rodgers v. Corporation of Harpers Ferry, 371 S.E.2d 358 (W. Va. 1988).

While the statute of limitations is an affirmative defense that is subject to waiver if not timely raised in a responsive pleading, the Court is authorized to anticipate clearly apparent affirmative defenses available to a defendant in determining under 28 U.S.C. § 1915 whether process should be issued. Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983). The plaintiff is no longer incarcerated at Mount Olive Correctional Complex, the site of the alleged discriminatory conduct. According to paragraph 7 of the complaint, defendant Denver Russell was not employed at Mount Olive as of August, 2009.

The undersigned proposes that the presiding District Judge **FIND** that the applicable statute of limitations expired prior to the date on which the plaintiff signed and filed his complaint.

It is respectfully **RECOMMENDED** that this civil action be dismissed with prejudice.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

April 22, 2011
    Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge