IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CORNELL F. DAYE,

          Plaintiff,

v.                              CIVIL ACTION NO. 2:09-cv-00909

JIM RUBENSTEIN, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

**I.    Background**

The plaintiff, Cornell F. Daye, filed a complaint on August 4, 2009. The named defendants are Jim Rubenstein, Charlene Sotak, Thomas McBride, and Denver Russell. Daye alleged that Russell, an ex-employee of Mount Olive Correctional Institute, "harassed, humiliated, and abused African-American inmates working in the Inmate Dining Hall" from May 2007 to June 25, 2007. (Compl. [Docket 1], at 3.) Daye further alleges that in an act of retaliation, Russell fired him. The plaintiff brought the following claims: (1) violation of the Eighth Amendment; (2) denial of due process rights; (3) unlawful discriminatory practices; and (4) retaliatory discharge. On December 9, 2009, the Honorable Mary E. Stanley issued a Proposed Findings and Recommendation. Judge Stanley recommended that the plaintiff's complaint be dismissed because it failed to state a claim upon which relief may be granted and the defendants were entitled to qualified immunity. Judge Stanley's decision also notes that a two-year statute of limitations applies and "[i]t appears that the statute of limitations has expired

with respect to the events of May and June, 2007." (Proposed Findings & Recommendation [Docket 5], at 12.)

On May 7, 2010, this court issued a Memorandum Opinion and Order, dismissing the plaintiff's federal law claims with prejudice and his state law claims without prejudice. The plaintiff appealed, and on March 17, 2011, the Fourth Circuit issued an unpublished opinion. The appellate court stated: "Liberally construing Daye's complaint, we conclude that his allegations are sufficient to survive the initial review under § 1915A . . . Specifically, if Daye could prove that the black inmates and the white inmates were similarly situated; that the black inmates received preferred tasks; and that these decisions were made on the basis of race, he would have shown a violation of the Equal Protection Clause." *Daye v. Rubenstein*, 417 Fed. Appx. 317, 2011 WL 917248, at \*1 (4th Cir. Mar. 17, 2011). The Fourth Circuit vacated this court's dismissal of Daye's Equal Protection claim and remanded the action for further proceedings. It affirmed the dismissal of the remainder of the complaint. *Id.* at \*2.

On April 22, 2011, Judge Stanley issued a Proposed Findings and Recommendation (Proposed Findings & Recommendation [Docket 32].) It noted that the activities that underlie the plaintiff's claim of racial discrimination took place from May 18, 2007 to July 5, 2007. The plaintiff signed his complaint on August 3, 2009. Judge Stanley explained that, "It is well-established that civil rights cases filed in federal court follow the analogous state limitation." (*Id.* at 4) (citing *Blanck v. McKeen*, 707 F.2d 817 (4th Cir. 1983)). Moreover, "West Virginia has a two-year statute of limitations for cases similar to § 1983 claims and other personal injuries." (*Id.*) (citing W. VA. CODE § 55-2-12(b) (1981)). Judge Stanley recommended that the court find that the statute of limitations expired before the plaintiff filed his complaint and that the action be dismissed with prejudice.

Daye objected to Judge Stanley's recommendation. He asserted that he filed a claim in the West Virginia Court of Claims on or about December 26, 2007,[1] stating the same essential facts that underlie this action. On January 9, 2008, the respondents in the Court of Claims filed a motion to dismiss. The motion to dismiss stated that suits against the State of West Virginia and its agencies are generally prohibited by constitutional immunity. However, there is an exception when a suit seeks damages up to the limits of an applicable liability insurance policy. In this instance, there was an insurance policy, so the claim could proceed in West Virginia courts. According to Daye, in the spring of 2009 the Court of Claims dismissed his suit because it could be maintained in another court.[2] Daye argues that during the pendency of his claim in the Court of Claims, the two-year statute of limitations was tolled.

## II. Standard of Review

### a. *Magistrate Judge's Recommendations*

When a Magistrate Judge issues a recommendation on a dispositive matter, the court reviews *de novo* those portions of the Magistrate Judge's report to which specific objections are filed. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). This court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). The court will consider the fact that plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### b. *28 U.S.C. § 1915A*

---

[1] Pursuant to Federal Rule of Evidence 201, the court has taken judicial notice of the documents filed in *Cornell F. Daye v. West Virginia Division of Corrections*, No. CC-07-0351 (W. Va. Ct. of Claims May 7, 2009). *See Colonial Penn Ins. Co v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (internal quotations omitted). According to those documents, Daye filed his Notice of Intention to File Claim on November 29, 2007.

[2] According to the Court of Claims records, the motion to dismiss hearing was held on May 7, 2009.

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The standard for screening a case under 28 U.S.C. § 1915A is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. As the Supreme Court reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 129 S. Ct. at 1949-50. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant

is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id.*

### III. Discussion

Pursuant to the applicable two-year statute of limitations, Daye's suit is untimely. However, West Virginia Code § 55-2-18 tolls the statute of limitations period in some circumstances. It states that: "For a period of one year from the date of an order dismissing an action or reversing a judgment, a party may refile the action if the initial pleading was timely filed and: (i) the action was involuntarily dismissed for any reason not based upon the merits of the action." W. VA. CODE § 55-2-18. For the savings statute to apply in the instant suit, the issue presented to the Court of Claims must be considered an "action" that resulted in an "order." *Id.* These terms are not defined in the statute, and the West Virginia Supreme Court of Appeals has not addressed the applicability of the savings statute to claims filed initially in the Court of Claims. Additionally, the action presently before the court must be the same cause of action with the same parties as the one previously filed. *Town of Clendenin ex rel. Fields v. Ledsome*, 129 W. Va. 388, 392 (1946).

Even assuming, without deciding, that the savings statute applies to claims filed in the Court of Claims, Daye's complaint fails to state a claim upon which relief can be granted. As noted above, for the savings statute to toll an action, the cause of action and the parties must be the same. *Ledsome*, 129 W. Va. at 392. The West Virginia Division of Corrections was the respondent in the Court of Claims, whereas in the present suit, the defendants are Jim Rubenstein, Commissioner of the Department of Corrections; Charlene Sotak, Grievance Coordinator of the Department of Corrections; Thomas McBride, Ex-Warden, Individually and

Officially; and Denver Russell, Individually and Officially. It appears that Daye's allegations are against these individuals both in their personal and official capacities.

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In contrast, "Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id.* (internal quotation marks omitted). In official capacity suits, the real party in interest is the entity and the suit is "to be treated as a suit against the entity." *Id.* at 166; *see also Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004) ("[T]he § 1983 claim against Martin in his official capacity as Superintendent is essentially a claim against the Board and thus should be dismissed as duplicative."). Consequently, the defendants in their official capacity should be considered the same party as the respondent—the Division of Corrections—in the Court of Claims. However, the defendants in their personal capacity are not the same party, and therefore the savings statute does not apply to toll the statute of limitations against them individually.

Accordingly, if the savings statute applies to claims filed in the Court of Claims, it only "saves" Daye's complaint against the named defendants in their official capacity. The West Virginia Division of Corrections is a state entity. *See McCormick v. West Virginia Dept. of Public Safety*, 202 W. Va. 189, 191 (1998). And "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). However, when a state official is sued in his official capacity for injunctive relief, that state official "would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the state.'" *Id.* at 71, n.10. Daye's prayer for relief includes requests for declaratory and injunctive relief, in addition to damages. Daye is

currently residing at Huttonsville Correctional Center, but his complaint arises out of activities that occurred while he was confined in Mount Olive Correctional Complex. The Fourth Circuit has held "that the transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief." *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007). Therefore, Daye's claims for injunctive and declaratory relief are moot.[3]

## IV. Conclusion

In sum, the two-year statute of limitations has run as to claims against the defendants in their personal capacity. Even if the savings statute tolls the claims against the defendants in their official capacity, they are not amenable to suit under § 1983 as to compensatory relief. Moreover, his requests for declaratory and injunctive relief are moot. Accordingly, the court **FINDS** that the plaintiff has failed to state a claim upon which relief can be granted, **ADOPTS** and incorporates the Magistrate Judge's finding, **DISMISSES** with prejudice the plaintiff's complaint, and **DENIES** the plaintiff's Application to Proceed without Prepayment of Fees and Costs. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 15, 2012

Joseph R. Goodwin, Chief Judge

---

[3] The plaintiff also objects that the racial discrimination allegation is the only remaining claim and requests that the court exercise supplemental jurisdiction over the state law claims originally pled in Counts Three and Four of his August 4, 2009 Complaint. Those claims were dismissed in this court's May 7, 2010 Memorandum Opinion and Order; the plaintiff acknowledges he did not raise that issue on appeal. Because those claims were previously dismissed and the issue was not raised on appeal, the court overrules the plaintiff's objection and **FINDS,** as the Magistrate Judge recommended, that the discrimination claim is the only issue remaining before this court.